IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL A. PADILLA,

        Plaintiff,

  vs.                                                            No. CIV 10-311 LFG/GBW

CITY OF LAS VEGAS, NEW MEXICO,
a municipal corporation, and
GARY GOLD,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND DISMISSING ACTION WITHOUT PREJUDICE**

THIS MATTER comes before the Court on the Motion to Dismiss [Doc. 11] filed by Defendants City of Las Vegas, New Mexico ("City") and Gary Gold ("Gold"), on grounds the Complaint fails to state a claim on which relief can be granted under FED. R. CIV. P. 12(b)(6). Plaintiff Michael A. Padilla ("Padilla") filed a Response [Doc. 13], and Defendants filed a Reply [Doc. 14]. No oral argument is necessary.

**Factual and Procedural History**

Padilla filed a complaint in state district court on March 4, 2010, alleging Defendants unlawfully terminated him from his employment as a law enforcement officer with the City, in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* [Doc. 1, Ex. A]. Defendants removed the case to this Court on April 2, 2010. [Doc. 1].

On April 9, 2010, Defendants filed a Motion for More Definite Statement [Doc. 4] pursuant to FED. R. CIV. P. Rule 12(e), arguing that Padilla's Complaint contained insufficient allegations of fact but, rather, consisted of a "hazy mass of conclusions" to which they found it impossible to respond. [Id., at 2]. Defendants asked the Court to order Padilla to file a more detailed statement of the grounds for relief on which he intends to rely.

Padilla resisted the Motion for More Definite Statement, noting that Defendants failed to

consult with Plaintiff's counsel before filing the motion. Padilla further argued that the Complaint was sufficient as filed and gave Defendants fair notice of his claims under the FMLA. [Doc. 7].

The Court denied the Motion for More Definite Statement, partially on grounds that Defendants failed to consult with Plaintiff's counsel to determine whether the motion would be opposed, and partially on grounds that motions for a more definite statement are disfavored and Defendants have the option of moving for dismissal under Rule 12(b)(6), or else fleshing out the allegations in discovery. [Doc. 10].

Defendants chose to seek dismissal. On April 21, 2010, they filed this Motion to Dismiss, arguing that Padilla's Complaint failed to state a claim under the recently-tightened "plausibility" standard for pleading set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, – U.S. – , 129 S. Ct. 1937 (2009).

The Motion to Dismiss focuses on Padilla's failure to allege with sufficient particularity that he is an "eligible employee" under FMLA, and his failure to plead the requisite elements of either interference or retaliation claims under the FMLA. In addition, Defendants argue that the Court should dismiss any claims against Gold in his individual capacity, any contract-based claims, and any request for punitive damages. [Doc. 11].

In his Response, Padilla concedes the propriety of dismissal of claims against Gold in his individual capacity and the request for punitive damages. He also clarifies that the Complaint was not intended to assert a contract-based claim. However, Padilla contends that the Motion to Dismiss on grounds of failure to plead "eligible employee," and failure to adequately plead claims for interference or retaliation, should be denied. Padilla includes as an attachment to the Response his own Affidavit. This document sets forth specific facts not initially included in the Complaint which, he argues, establish his eligibility under the statute and which supply additional detail to his claims of interference and retaliation.

Padilla argues that the Affidavit is a proper response to a Rule 12(b)(6) motion, and that the Court should consider it along with the Complaint and convert Defendants' Motion into one for

summary judgment.  The Court declines to do so and finds that the Motion to Dismiss is well taken and should be granted.

## Discussion

### *Standards for Motion to Dismiss*

A motion to dismiss challenges the legal theory of the complaint, not the sufficiency of any evidence that might later be adduced.  The purpose of the rule is to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1160-61 (Fed. Cir. 1993).

Disputed issues are generally construed favorably to the plaintiff, and all reasonable inferences should be drawn in plaintiff's favor.  United States v. Mississippi, 380 U.S. 128, 143 (1965).  However, recent rulings make clear that conclusory allegations and bare assertions are not sufficient to survive a motion to dismiss.  In addition, the assumption that allegations of the complaint are true is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 129 S.Ct. at 1949.

In the wake of Twombly, *supra*, courts must carefully scrutinize a party's complaint to determine if an actionable claim is asserted.  In Twombly, the Supreme Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," but the rule demands more than an unadorned "defendant-unlawfully-harmed-me" account.  Id., 550 U.S. at 555.  The Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ."  Nor does a compliant suffice if it presents "naked assertion[s]" devoid of "further factual enhancement."  Id., at 555, 557.

The new pleading standard announced in Twombly was further refined in Ashcroft v. Iqbal. There, the Supreme Court noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability

> requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. at 1949 (internal punctuation and citations omitted).

### *The Complaint Fails to Meet These Standards*

Defendants contend that under these standards, Padilla's Complaint is deficient and subject to dismissal, in at least three ways.

 A. <u>Failure to Allege "Eligible Employee"</u>

Defendants point out, first, that the Complaint fails to set forth sufficient facts to show that Padilla is an "eligible employee" as defined in FMLA, a necessary element in a cause of action under that statute.

The Complaint contains no specific allegation that Padilla is an "eligible employee" under the FMLA. [Doc. 1, Ex. A]. Padilla does allege in his Complaint that family medical leave was "guaranteed to him" by FMLA; that Defendants acted "contrary to the protections afforded to Plaintiff by FMLA"; that they "violated the rights afforded to Plaintiff under FMLA"; and that his termination came about "as a direct result of the exercise by him of his lawful right to family medical leave under FMLA." [Doc. 1, Ex. A, at 2-3].

These statements, to the effect that Padilla was entitled to recover for violations of his rights under the Act, imply that he felt he met all requirements for eligibility. This would probably be sufficient to avoid a motion to dismiss, if it were accompanied by factual allegations demonstrating that he met the statutory requisites. However, the Complaint is devoid of any such factual allegations.

The FMLA provides that:

> The term "eligible employee" means an employee who has been employed--
>
> > (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and

4

>> (ii) for at least 1,250 hours of service with such
>> employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A).

Padilla's Complaint does not state that he had been employed by Defendants for at least 12 months and had at least 1,250 hours of service with that employer. The Court therefore finds that the Complaint fails to include a necessary element of a cause of action under FMLA.

Defendants further contend that Padilla failed to allege sufficient facts in the Complaint to state either a claim for interference with his rights under FMLA, or a claim for retaliation under the Act.

### B. Failure to Allege a Claim for Interference

The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). To state an interference claim under FMLA, the plaintiff must allege: (1) that he was entitled to FMLA leave; (2) that some adverse action by the employer interfered with his right to take FMLA leave; and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights. Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007).

While 29 U.S.C. § 2612(a)(1) sets forth the standards for "entitlement" to leave, including the entitlement of eligible employees to 12 weeks of leave to care for a spouse with a serious health condition, a showing of entitlement also includes the need to allege "eligibility" for FMLA leave in the first instance. Padilla's Complaint fails to properly allege the first element of the interference claim, that he was entitled to FMLA leave, in that it does not set forth sufficient facts to show that he was an "eligible employee." Rather, he simply asserts that his FMLA rights were violated. This is not sufficient.

To properly plead the second element, Padilla must allege that he was prevented from taking the full 12 weeks of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave. Campbell, at 1287; Metzler v. Fed. Home Loan Bank of Topeka,

464 F.3d 1164, 1181 (10th Cir. 2006).

The Complaint states that Padilla requested two weeks of FMLA leave in order to care for his wife who was undergoing surgery and convalescence during the time of the requested leave, and that this request was granted. [Doc. 1, Ex. A, at 2]. Thus, the face of the Complaint establishes that Padilla was not prevented from taking the full 12 weeks of leave (he didn't ask for any more than two weeks), and that he was not denied initial permission to take leave. In addition, The Complaint does not allege that Padilla was denied reinstatement following the leave; rather, he states only that his employment was terminated on or about May 12, 2009. [Doc. 1, Ex. A, at 3]. There is no allegation, here or elsewhere in the Complaint, that Padilla was denied reinstatement following leave. It is impossible to tell, from the allegations of the Complaint, whether he was permitted reinstatement then terminated later, or rather was not allowed to come back at all.

The Court finds that Padilla's Complaint fails to state a cause of action for interference under FMLA.

C. Failure to Allege a Claim for Retaliation

To state a retaliation claim under FMLA, the plaintiff must allege: (1) that he engaged in a protected activity; (2) that the employer took an action that a reasonable employee would have found materially adverse; and (3) that there exists a causal connection between the protected activity and the adverse action. Campbell v. Gambro Healthcare, Inc., at 1287. Defendants contend that Padilla fails to allege sufficient facts to support the first and third prongs of this test.

Padilla has not adequately alleged that he "engaged in protected activity" because, as discussed above, the allegations of the Complaint are not sufficiently detailed to show that he was eligible for leave under FMLA.

Furthermore, he has not alleged sufficient facts to indicate a causal connection between the fact that he took leave and the fact that he was terminated from his position. The complaint states only that Defendant Gold "interfered with and interrupted Plaintiff's leave, harassed and harangued Plaintiff" during the time he was away on leave; and that "as a direct result of the exercise by him

6

of his lawful right to family medical leave under FMLA . . . Plaintiff was unlawfully terminated from his employment." [Doc. 1, Ex. A, at 3]. The bald, conclusory statement that he was terminated "as a direct result" of the exercise of his FMLA rights is not sufficient to meet the plausibility standards of Twombly and Iqbal.

The Court finds that Padilla's Complaint fails to state a cause of action for retaliation under the FMLA.

### *Plaintiff Cannot Cure The Deficiencies of His Complaint With an Affidavit*

Padilla responds to Defendants' Motion to Dismiss by submitting his Affidavit, seven pages long, and asking the Court to consider the Affidavit and convert the Motion to Dismiss into one for Summary Judgment. The Affidavit supplies additional factual material, missing from the vague Complaint. However, the Court declines to consider this material.

FED. R. CIV. P. 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Defendants contend that, under this Rule, only the moving party is entitled to present matters outside the pleadings so as to trigger the conversion to summary judgment. The Court does not so read the Rule. It simply states that if matters outside the pleadings "are presented to" the court, and the court does not exclude them, the motion must be converted to one for summary judgment and all parties must be given the opportunity to present pertinent material. The Rule does not limit the presentation of extraneous material to the moving party only, and there is no Tenth Circuit authority which interprets the Rule in this manner.

On the other hand, the Court is not obligated to consider additional material, supplied by the responding party only after the defendant has gone to the trouble and expense of filing a motion to dismiss, material which could easily have been included in the Complaint in the first place. The Rule specifically gives the court discretion to "exclude" matters outside the pleadings, in

considering a motion to dismiss under Rule 12(b)(6).  *See*, FED. R. CIV. P. 12 advisory committee's note:  "on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it, but . . . if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

Plaintiff's seven-page Affidavit includes matters within his own knowledge, including the length of time he worked for Defendants and his hourly eligibility under FMLA.  The Affidavit also fills in much of the factual detail missing from the Complaint, including the specific manner in which, he alleges, Defendants "harassed and harangued" him during his leave.  He describes several phone calls he received during his leave time from Defendant Gold and others, inquiring about a K-9 police dog under Padilla's care and asking about equipment and vehicles involved with the K-9 unit. Padilla acknowledges that he became upset and frustrated during these phone calls, and that he "shouted at" Captain Eugene Garcia during one of these calls, and "used profane language" while speaking with Defendant Gold on the telephone.  [Doc. 13, at 6; Doc. 13, Ex. A, at 4-5].

Padilla further states in his Affidavit that, after the leave expired, he reported for duty at his job as a patrolman for the City but was immediately escorted to Defendant Gold's office and told that he was being placed on administrative leave.  Approximately two and a half months later, Padilla says in the Affidavit, he received a written notice of termination from his employment with the City.  The stated reason for his termination was insubordination and discourteous treatment of fellow employees and supervisors in three telephone calls occurring during the time he was on leave. Padilla further states in the Affidavit that he received a formal termination letter a few weeks after the written notice. [Doc. 13, Ex. A, at 5-6].

All of the information contained in the Affidavit was within Padilla's knowledge and could have been included in the Complaint.  If it had been so included, Defendants would have had a clear understanding of the factual basis for Padilla's cause of action under the FMLA.  Padilla gives no reason why he could not have made this information part of the original Complaint.  Defendants argue that "by filing an affidavit that tries to address his pleading problems, Plaintiff tacitly admits

8

that the Complaint is insufficient and/or implausible on its face," and that permitting a responding party to "back fill" or amend a complaint by affidavit would render Rule 12 a nullity.

In this case, the Court agrees. Padilla gives no reason why the material included in the Affidavit was not originally pled. Rather, he asks the Court to add the Affidavit to the Complaint and determine that, together, they state a claim. The Court will not assess whether Complaint-plus-Affidavit adds up to a validly stated claim because the Court determines, in its discretion, that the additional material proffered by Plaintiff in response to the Motion to Dismiss should be excluded. Defendants were forced to file two motions in order to extract these factual matters from Padilla, and there is nothing on the record to indicate that Padilla's earlier withholding of the information was justified.

The Court therefore dismisses the action without prejudice. Padilla is entitled to start over and file a new action with a properly specific Complaint, assuming he is within the statute of limitations.

## Order

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for failure to state a claim [Doc. 11] is granted. The Complaint is dismissed, and this action is dismissed without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge